OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Newland, Appellant, v. Erie Insurance Company, Appellee.
[Cite as Newland v. Erie Ins. Co. (1993),      Ohio St. 3d   .]
     (No. 93-788 -- Submitted    , 1993 -- Decided December 29,
1993)
     Appeal from the Court of Appeals for Montgomery County,
No. 13548.

     Williams, Jilek, Lafferty & Gallagher Co., L.P.A., and
Robert M. Scott; Dwight D. Brannon & Associates and Dwight D.
Brannon, for appellant.
     Jenks, Surdyk and Cowdrey Co., L.P.A., and Edward J. Dowd,
for appellee.

     All issues in this case were decided by this court's
recent case of Savoie v. Grange Mut. Ins. Co. (1993),      Ohio
St. 3d   ,      N.E.2d    :  "Insurers may contractually
preclude intrafamily stacking -- the stacking of
uninsured/underinsured limits of polices and coverages
purchased by family members in the same household.***" Savoie,
supra, paragraph two of syllabus.
     Because this case involves the stacking of two insurance
policies owned by two brothers, but the jurisdictional
memoranda received by this court do not reveal whether the
brothers lived in the same household, we remand the cause to
the trial court to obtain the information from the parties
which is necessary to properly apply the
intrafamily/interfamily stacking test announced in Savoie,
supra, and to apply Savoie.
     A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer,
JJ., concur.
     Moyer, C.J., concurs separately.
     Wright, J., dissents.
     Moyer, C.J., concurring separately.    I concur separately
in the judgment entry in the above-styled case.  As my dissent
in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d
500,      N.E.2d    , stated, I do not agree with the law
announced in the majority decision.  Nevertheless, it is the
law on the issue in the above-styled case.  As I believe all

parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

Wright, J., dissenting. I must dissent in continuing protest to the majority's sundry holdings in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. As stated in the dissent in Savoie, that holding lacks sound reasoning, reverses ten years of established case law and flaunts the will of the General Assembly. Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.